UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1233** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "B"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Factual Background

The plaintiff, Baron Johnson ("Johnson"), filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, the State of Louisiana, Governor Bobby Jindal, the Department of Public Safety and Corrections, Secretary James M. LeBlanc, Jefferson Parish Sheriff's Office, Sheriff Newell Normand, Jefferson Parish, the 24th Judicial District Court, Paul D. Connick, Jr., Jefferson Parish Correctional Center, and former Governor Kathleen Blanco, seeking to recover damages and other relief for alleged batteries, assaults, rapes, false charges, and other retaliatory acts, that have occurred against him throughout his life by unidentified family members and sheriff's deputies.[1]

---

[1] Rec. Doc. Nos. 1, 3.  This is a repeating theme in at least eight of Johnson's prior (dozens) of civil rights suits filed in this Court, many of which have been dismissed as frivolous.

## II.     Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

In this case, the plaintiff is without counsel and is responsible for the prosecution of his case. A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

## III.     Analysis

Johnson originally filed this complaint in the United States District Court for the Middle District of Louisiana and it was transferred to this Court on April 20, 2015.[2] Upon receipt of the

---

[2] Rec. Doc. Nos. 5, 6.

case, the Court issued an order granting Johnson leave to proceed as a pauper.[3] The clerk mailed a copy the notice of transfer and the Court's pauper order to Johnson at his address of record. On April 29, 2015, the envelope containing the notice of transfer was returned as undeliverable, marked "Return to Sender."[4] The envelope containing the pauper order also was returned as undeliverable, marked "Return to Sender - Attempted - Not Known - Unable to Forward."[5]

On May 29, 2015, the undersigned issued a Rule to Show Cause to Johnson directing that he show cause for his failure to prosecute the case and inform the Court of a more current address.[6] The envelope containing a copy of that order has not been returned as undeliverable. Johnson has not responded to the show cause order.

The Court's orders were mailed to Johnson at the address he provided to the Court in his complaint, an address that has proven unreliable. Johnson has not provided the Court with more current or accurate contact information as required by L.R. 11.1. He was made aware of his continuing obligation to keep the Court informed of his whereabouts as reflected in paragraph VI of his form complaint in the Plaintiff's Declaration.[7]

Contrary to these mandates, Johnson has not notified the Court of his current address, and he otherwise has not contacted the Court about his case since its transfer to this Court on April 20, 2015. In addition, under L.R. 41.3.1, Johnson's failure to provide his current address within thirty-

---

[3]Rec. Doc. No. 7.

[4]Rec. Doc. No. 8.

[5]Rec. Doc. No. 9.

[6]Rec. Doc. No. 10.

[7]Rec. Doc. No. 1, p.5.

five (35) days of the Court's mail having been returned is cause for dismissal of his complaint for failure to prosecute.

Johnson has not made the necessary effort to prosecute this case.  Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Johnson's § 1983 complaint against the defendants, the State of Louisiana, Governor Bobby Jindal, the Department of Public Safety and Corrections, Secretary James M. LeBlanc, Jefferson Parish Sheriff's Office, Sheriff Newell Normand, Jefferson Parish, the 24th Judicial District Court, Paul D. Connick, Jr., Jefferson Parish Correctional Center, and former Governor Kathleen Blanco be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 7th day of July, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.